ORDER

MICHEL, Circuit Judge.
In this case, Edna E. Chesnut, the surviving spouse of deceased veteran Aubrey E. Chesnut, Jr., seeks disability and indemnity compensation (“DIC”) benefits under 38 U.S.C. § 1318(b) (1994). She argues that in determining whether she is entitled to benefits under § 1318(b), the Department of Veterans Affairs (“VA”) must conduct a de novo review based on all available evidence (including evidence that *848 was not in the veteran’s claims file) to assess whether her husband may be rated totally disabled for the requisite period of time required by the statute. The Secretary of Veterans Affairs (“the Secretary”), however, argues that the rating decisions made during the veteran’s lifetime are determinative of a survivor’s eligibility for DIC benefits, except where there has been a clear and unmistakable error (“CUE”) in a prior rating decision. See 38 C.F.R. § 3.22(a)(2000).
The court has reviewed this case in light of its opinion in National Organization of Veterans’ Advocates v. Principi, No. 00-7095, -7096, -7098 (August 16, 2001). In National Organization, we directed the Secretary to stay all proceedings involving claims for DIC benefits under 38 U.S.C. § 1318 whose outcome is dependent on the CUE limitation of 38 C.F.R. § 3.22.
The outcome of this case is dependent on whether it was permissible for the Secretary to impose a CUE limitation for DIC benefits under § 1318(b). Because Mr. Chesnut did not actually receive a total disability rating for the requisite period of time required by § 1318(b) and because there is no allegation of CUE in a prior rating decision, Mrs. Chesnut could only be entitled to DIC benefits if the VA conducts a de novo determination of her husband’s entitlement to a total disability rating for the statute’s requisite period of time.
Accordingly,
IT IS ORDERED THAT:
In light of National Organization, we remand to the United States Court of Appeals for Veterans Claims (“Veterans Court”). The Veterans Court may remand to the Board of Veterans’ Appeals as appropriate.